UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA HANNAH,

    Plaintiff,

v.    Case No. 8:19-cv-596-T-30SPF

ARMOR CORRECTIONAL HEALTH
SERVICES, INC., et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion to Compel Defendant Armor Correctional Health Services, Inc. ("Armor") to Provide Better Responses to Her Requests for Financial Production (Doc. 87) and Plaintiff's Renewed Motion to Compel[1] (Doc. 101). Armor filed a Response in opposition to each motion (Docs. 96 & 108, respectively).

Regarding Plaintiff's Motion to Compel Better Responses to Her Requests for Financial Production (Doc. 87), Armor's objection that Plaintiff has not and cannot show a reasonable basis for recovery of punitive damages is overruled. Armor's objection that the requested timeframe is overbroad, however, is well-taken. "Only current financial documents are relevant to a claim for punitive damages." *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting *Fieldturf Int'l v. Triexe Mgmt. Grp., Inc.*, No. 03 C 3512, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)) (limiting production of financial records to time period

---

[1] After the Court's informal discussions with the parties regarding Plaintiff's previous motion to compel (Doc. 71), the parties agreed to have the motion denied without prejudice based upon the tentative agreement reached by the parties as to the resolution of the motion (Doc. 78).

of less than three years). Accordingly, as to Requests 1 and 2, the motion to compel is granted except that the requests shall be limited to a two-year period; specifically, the years **2018-2019**. *See Alexander v. Allen*, No. 2:13-CV-885-FTM-29CM, 2014 WL 3887490, at *3 (M.D. Fla. Aug. 7, 2014) ("The Court finds that a four-year time period is overbroad and finds it appropriate to narrow the scope to the past two years."). The motion is likewise granted as to Request 3 except that the request shall be limited to any **financial** records that state Armor's net worth for the years **2018-2019**.

Plaintiff's Renewed Motion to Compel (Doc. 101) is limited to her Request 6, which seeks production of all records related to the State of Wisconsin's investigation and prosecution of Armor in Circuit Court of Milwaukee County, Wisconsin as they pertain to allegations of intentionally falsifying health care records in violation of certain Wisconsin statutes. The Court finds that the discovery sought regarding the Wisconsin criminal investigation and prosecution of several nurses intentionally falsifying records is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). As such, the motion is denied.

Accordingly, it is hereby

**ORDERED**:

(1) Plaintiff's Motion to Compel Armor to Provide Better Responses to Her Requests for Financial Production (Doc. 87) is **GRANTED IN PART** and **DENIED IN PART**. As to Requests 1 and 2, the motion is granted except that the requests shall be limited to a two-year period; specifically, the years **2018-2019**. As to Request 3, the motion is granted except that the request shall be limited to any **financial** records that state Armor's net worth for the years **2018-2019**. Defendant Armor

shall serve Plaintiff with the requested discovery as provided herein within 14 days of the date of this Order.

(2) Plaintiff's request for attorney's fees (Doc. 87) is **DENIED**.

(3) Plaintiff's Renewed Motion to Compel (Doc. 101) is **DENIED**.

**ORDERED** in Tampa, Florida, January 15, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE