UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA HANNAH,

    Plaintiff,

v.                                                          Case No. 8:19-cv-596-T-60SPF

ARMOR CORRECTIONAL HEALTH
SERVICES, INC., et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Sanctions Against Armor for Violation of this Court's Prior Order Compelling Disclosure of Financial Discovery and to Compel Better Responses to Supplemental Requests to Produce (Doc. 202). Armor filed a Response in opposition thereto (Doc. 223).

Plaintiff alleges that Armor violated this Court's Order dated March 2, 2020 (Doc. 166), which held that "Armor shall produce its 2019 corporate tax returns within 30 days after they are available and no later than April 30, 2020." Coronavirus, however, affected the nation in unforeseeable ways shortly after the Court entered its Order. For example, the Internal Revenue Service extended deadlines for filing tax returns. For this reason, Armor does not yet have its 2019 corporate tax returns to produce and argues that it is not, therefore, in violation of the Court's Order as it cannot produce what it does not have. Indeed, it is accurate that this Court cannot compel the impossible. *See Panchoosingh v. Gen. Labor Staffing Servs., Inc.*, No. 07-80818-CIV, 2009 WL 10667884, at *2 (S.D. Fla. July 20, 2009) (citing *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at *2 (S.D. Ohio

Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control."); *E.E.O.C. v. Aldi, Inc.*, No. 06-01210, 2008 WL 2329603, at *2 (W.D. Pa. June 3, 2008) (where a party represents that it does not possess responsive items, "there is nothing to compel")). Moreover, the Court's deadline of April 30, 2020 for Armor to produce its 2019 corporate tax returns was premised on pre-Covid19 norms. As such, Plaintiff's motion for sanctions is denied. Armor, however, is ordered to produce its 2019 corporate tax returns within 3 business days after filing with the IRS.

The Court now turns to Plaintiff's Motion to Compel Better Responses to Supplemental Requests to Produce. Plaintiff's relevant supplemental requests are as follows: No. 1: Armor's income statements for 2018-19 and the most recent quarter of 2020; No. 2: Armor's balance sheets for 2018 and 2019 and the most recent quarter of 2020; No. 3: Armor's cash flow statements for 2018 and 2019 and the most recent quarter of 2020; No. 4: records of any transactions, loans, or payments (including dividends) between Armor and any parent company for 2018 and 2019 and the most recent quarter of 2020; No. 5: records of lines of credit or credit facilities extended or established specifically for each defendant and that defendant's parent company for 2018 and 2019 and the most recent quarter of 2020; and No. 8: records of the total compensation for the president and/or chief executive officer of Armor and any parent company.

Plaintiff argues that all of Armor's objections should be deemed waived based on the fact that Armor's objections were followed by a disclaimer such as "without waiving any of the foregoing objections, Defendant has produced [certain enumerated previously-produced documents]." A response that is made subject to an objection "preserves nothing and wastes the time and resources of the parties and the court." *Tanner v. Liberty Mut. Fire Ins. Co.*, No.

6:19-cv- 585-Orl-37TBS, 2019 WL 1569565, at *2 (M.D. Fla. Apr. 11, 2019); *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008). While still common, "such practice leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008). Pursuant Rule 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of the objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Armor's objections fail to identify whether responsive materials are being withheld. Likewise, to the extent Armor was attempting to object to a portion of the request, the objection fails to state "the scope that is not overbroad." Fed. R. Civ. P. 34 (2015 Advisory Committee Notes). Armor's objections leave Plaintiff guessing as to whether any responsive documents were withheld. The Court, however, need not further address whether Armor waived its objections because the Court finds that Armor's objections are due to be overruled in large part.

<u>Showing of Reasonable Basis for Recovery of Punitive Damages</u>

This Court previously overruled Armor's objection that Plaintiff has not and cannot show a reasonable basis for recovery of punitive damages. (*See* Doc. 117 at 1 ("Armor's objection that Plaintiff has not and cannot show a reasonable basis for recovery of punitive damages is overruled.")). Armor has not articulated any basis for overturning the Court's previous ruling. As such, this objection is again overruled.

Breadth of Timeframe

Armor contends that the timeframe on the supplemental requests is overbroad. All of the requests are limited to 2018-2019 and the first quarter of 2020. The Court previously found

> "Only current financial documents are relevant to a claim for punitive damages." *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting *Fieldturf Int'l v. Triexe Mgmt. Grp., Inc.*, No. 03 C 3512, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)) (limiting production of financial records to time period of less than three years). Accordingly, as to Requests 1 and 2, the motion to compel is granted except that the requests shall be limited to a two-year period; specifically, the years **2018-2019**. *See Alexander v. Allen*, No. 2:13-CV-885-FTM-29CM, 2014 WL 3887490, at *3 (M.D. Fla. Aug. 7, 2014) ("The Court finds that a four-year time period is overbroad and finds it appropriate to narrow the scope to the past two years.").

(Doc. 117 at 1-2). The Court similarly finds the 2018-2019 timeframe appropriate for Plaintiff's supplemental requests. As for the first quarter of 2020, the Court did not have before it for consideration any requests for future time periods and did not make any rulings that would preclude Plaintiff from seeking financial information as it became available. (*See* Doc. 117). The 2020 financial records are more current and, therefore, even more relevant to Plaintiff's claim for punitive damages. As such, Armor's objection as to an overbroad timeframe is overruled.

Court's Previous Order Limiting Requests for Production

To the extent that Armor is arguing that this Court's previous ruling on prior motions to compel financial documents somehow limited the type of financial document discoverable to corporate tax returns, it is mistaken. (*See, e.g.,* Doc. 223 at 2-3, 5 (arguing that "the Court, based on Armor's prior objections, has limited the production of financial records to corporate tax returns")). The Court's Order (Doc. 117) only limited the temporal scope of the three

4

requests for financial production at issue[1] to the years 2018-2019 and limited the scope of the third request to **financial** records. The Court otherwise granted Plaintiff's motion to compel (Doc. 87). Contrary to Armor's assertion, there was no corresponding limitation on the production of financial records to only corporate tax returns.

Likewise, Armor incorrectly claims "it has not produced what was actually requested in the supplemental requests because the Court implicitly sustained the objections to such discovery." (Doc. 223 at 4). The Court did not sustain Armor's objections implicitly or otherwise. While it is true, as Armor argues, that the Court has "never ruled that balance sheets, cash flow statements, credit facilities, or similar documents from 2018-2019 need to be produced," the supplemental requests for financial records were brought before the Court for the first time by the instant motion.

Accordingly, Plaintiff's motion to compel as to supplemental requests Nos. 1-4 is granted. Because draft financial records are not relevant and proportional to the needs of the case, production in response to Plaintiff's supplemental requests numbered 1, 2, and 3 is limited to final or audited financial documents. In other words, Armor does not have to produce drafts or unfinalized financial documents. Supplemental request No. 5 is denied as neither relevant nor proportional to the needs of the case. With respect to supplemental request No. 8, Armor argues that the request for records of the total compensation for the president and/or chief executive officer of Armor and any parent company invades the president and/or chief executive officer's right to privacy, is impermissibly broad, and,

---

[1] The three requests for financial production were as follows: (1) Armor's corporate tax returns (federal and Florida) for the years 2016-2019, including all schedules and forms; (2) any financial statement Armor provided to a financial institution or taxing authority for the years 2016-2019; and (3) any records that state Armor's net worth for the years 2016-2019.

therefore, oppressive, burdensome, and irrelevant. Plaintiff argues that she is seeking this information because many of the financial statements suggest Armor may be finding ways to artificially lower its actual profitability through compensation to its president and/or CEO. The Court finds Plaintiff's argument persuasive, and Armor's arguments otherwise unsupported in a discovery context. As such, Plaintiff's motion to compel is granted, and Armor's objections are overruled. This request, however, is limited to the years 2018-2020.

Accordingly,

it is hereby **ORDERED**:

Plaintiff's Motion for Sanctions Against Armor for Violation of this Court's Prior Order Compelling Disclosure of Financial Discovery and to Compel Better Responses to Supplemental Requests to Produce (Doc. 202) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's Motion for Sanctions is **DENIED**.

2. Plaintiff's Motion to Compel Better Responses to Supplemental Requests to Produce is **GRANTED** as to Requests Nos. 1-4 and 8. Requests 1, 2, and 3 are limited to final or audited financial documents. Request 8 is limited to the years 2018-2020.

3. The Motion to Compel is **DENIED** as to Request No. 5.

4. Armor shall comply within ten (10) days of the date of this Order.

5. Plaintiff's request for attorney's fees is **DENIED**.

**ORDERED** in Tampa, Florida, July 10, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE