## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PATRICIA HANNAH,

     Plaintiff,

v.                                                    Case No. 8:19-cv-596-T-60SPF

ARMOR CORRECTIONAL
HEALTH SERVICES, INC., et al.,

     Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART "PLAINTIFF'S MOTION FOR PARTIAL FINAL SUMMARY JUDGMENT AS TO SOME OF THE ARMOR DEFENDANTS' AFFIRMATIVE DEFENSES"

This matter is before the Court on "Plaintiff's Motion for Partial Final Summary Judgment as to Some of the Armor Defendants' Affirmative Defenses," filed on July 6, 2020.   (Docs. 275, 276, 277).[1]   On August 17, 2020, Defendants Armor Correctional Health Services Inc., Bernard Montayre, Carma Ogline, and Leila Polanco (collectively "Defendants") filed their response in opposition.   (Doc. 342).   Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background[2]

Plaintiff Patricia Hannah is the plenary guardian for Darryl Vaughn Hanna, Jr., who is in a persistent vegetative state after suffering four syncopal episodes while he was a pretrial detainee at the Manatee County Jail.[3]   The crux of the amended

---

[1] It appears that Plaintiff filed identical copies of her statement of undisputed material facts. *See* (Docs. 275, 276).

[2] The Court construes the facts and evidence in light most favorable to Defendants for the purpose of ruling on the motion for summary judgment.

[3] Hanna, Jr. was awaiting trial on murder charges related to a double homicide.

complaint is that Defendants were medically negligent and deliberately indifferent to Hanna, Jr.'s medical needs.

During intake, Hanna, Jr. indicated that he did not have any mental, physical, or developmental disabilities or limitations that the jail needed to be aware of during his incarceration.   His appearance was noted as unremarkable, he had no visible signs of injuries, and he appeared alert and oriented.   Hanna, Jr. indicated that he was not currently ill or injured, had not experienced a head injury in the last 72 hours, and had not been to a hospital in the last three months.   He indicated that he had active asthma and used his inhaler in 2016.

On August 23, 2017, Deputy Thomas McGuire received a phone call informing him that Hanna, Jr. had passed out in the exercise yard.   McGuire went out and asked Hanna, Jr. what had happened.   Hanna, Jr. said that he was playing basketball, blacked out, and that his head hurt.   Hanna, Jr. appeared disoriented. Medical staff were called and Defendant Leila Polanco, a nurse, responded.   She was told by other jail residents that Hanna, Jr. had a seizure, it was too hot outside, and another resident may have hit Hanna, Jr. on the head.   Polanco concluded that the warm temperature outside caused Hanna, Jr. to faint and that he may have hit his head when he fell and sustained a concussion. On the assessment form, she selected the box associated with "Unintentional (e.g. sports, fall, etc.)" rather than the "Acute Medical Condition (e.g. loss of consciousness, seizure, etc.)" box.

Polanco requested to view video surveillance of the incident.   Deputy McGuire notified Defendant Sergeant Ronald Laughlin and informed him of the incident, Polanco's observations and evaluations, and her desire to view video.   Laughlin

permitted Polanco to view the video recording and watched it with her. There was no audio. The video showed Hanna, Jr. and other residents playing basketball outside in the courtyard when, all of a sudden, Hanna, Jr. collapsed and his head hit the ground. Laughlin's notes indicate that Hanna, Jr. remained on the ground for around 41 seconds.

Polanco and Laughlin did not request, contact, initiate, or recommend emergency medical services or fire rescue to respond to the jail to evaluate Hanna, Jr. They also did not request that Hanna, Jr. be evaluated by a licensed physician or medical doctor. They never requested or recommended that Hanna, Jr. be transported to an outside medical facility, such as a hospital or emergency room. Instead of being seen by a physician, physician's assistant or medical doctor, Hanna, Jr. was ordered to return to housing, where he resided in a cell alone.

On September 8, 2017, Hanna, Jr. fainted in his cell. Again, although nurses responded to evaluate him, Hanna, Jr. was never seen or evaluated by a doctor, physician, or physician's assistant. The next day, a deputy found Hanna, Jr. lying face up on the floor underneath the toilet. The deputy entered the cell to check on him – although Hanna, Jr. was breathing, he was unresponsive to verbal or tactile stimulation. Deputies attempted to perform CPR on Hanna, Jr. Then, emergency medical services arrived and transported him to a nearby hospital. Hanna, Jr. has not regained consciousness and remains in a persistent vegetative state.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).   A properly supported motion for summary judgment is not defeated by the existence of a factual dispute.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).   Only the existence of a genuine issue of material fact will preclude summary judgment.   *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact.   *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).   When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact.   *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995).   If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor.   *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

### *First Affirmative Defense (Comparative Negligence)*

Plaintiff seeks summary judgment on the first affirmative defense, arguing that Defendants have provided no record evidence to create a genuine issue of material fact as to whether Hanna, Jr. himself was guilty of negligence.   Plaintiff also contends that Defendants are specifically bound by their lack of knowledge and failure to prepare for deposition.   Specifically, Plaintiff asserts that Armor failed to conscientiously and in good faith prepare two of its five Rule 30(b)(6) designees to testify at deposition, and the corporate representatives were unable to answer the bulk of the relevant questions Plaintiff asked despite two months' notice of the deposition

topics.

"The Eleventh Circuit has held that a moving party must point to specific portions of the record to demonstrate that the nonmoving party cannot meet its burden at trial." *Eli Research, LLC v. Must Have Info Inc,* No. 2:13-cv-695-FtM-38CM, 2015 WL 5934632, at *3 (M.D. Fla. Oct. 6, 2015) (citing *United States v. Four Parcels of Real Property in Green and Tuscaloosa Counties in the State of Alabama,* 941 F.2d 1428, 1438 n. 19 (11th Cir. 1991)).   As such, a plaintiff seeking summary judgment on affirmative defenses cannot merely state that there is no record evidence to support those defenses to prevail on her summary judgment motion.   *Id.*

The Court finds that Plaintiff has not met her burden here – she must do more than merely state there is no record evidence.   Furthermore, Defendants provide several examples and cite to record evidence to show that: (1) although inmates were informed of the hot weather in August and permitted to wear a t-shirt and shorts in the exercise yard, Hanna, Jr. elected to wear his full inmate uniform on August 23, 2017; (2) although Hanna, Jr. was aware of a 2016 syncopic episode, he never disclosed that episode to Defendants even when asked about his past medical history during intake; and (3) Hanna, Jr. did not report to Defendants any ongoing headaches, other neurological symptoms, chest pain, dyspnea, or leg pain.   A reasonable jury could rely on this record evidence to conclude that Hanna, Jr. was – at least in part – comparatively negligent for his own injuries.

As to Plaintiff's argument that Defendants are precluded from asserting this affirmative defense due to their lack of knowledge and failure to prepare for deposition, the Court finds that no relief is warranted.   This issue was previously

raised in this case and the Court declined to impose such a sanction on Defendants. *See* (Docs. 252, 377).   The motion is denied as to the first affirmative defense.

### Fourth Affirmative Defense (Third Party Liability)

In her motion, Plaintiff argues that she is entitled to summary judgment on the fourth affirmative defense because Defendants have never identified a third-party they believe proximately caused Hanna, Jr. harm.

The Court addressed this argument at a status conference held on November 4, 2020.   Defendants will be permitted to argue that Plaintiff's alleged damages were proximately caused by the acts or omissions of Manatee County, who was terminated from this action following a settlement with Plaintiff.   Defendants will not be permitted to address the possible fault of any other non-parties to this action, in accordance with *Fabre v. Martin*, 63 So. 2d 1182 (Fla. 1993).   The motion is therefore granted in part and denied in part as to the fourth affirmative defense.

### Fifth Affirmative Defense (Non-Compliance with § 768.28, F.S.)

As to the fifth affirmative defense, Plaintiff argues that there is no record evidence to show that Plaintiff failed to give Defendants or Florida's Department of Financial Services the proper pre-suit notice required under § 768.28, *F.S.*, and that the only record evidence demonstrates that the appropriate notice was given.

Again, the Court reiterates that Plaintiff cannot merely state that there is no evidence to support the affirmative defenses.   *See Eli Research, LLC*, 2015 WL 5934632, at *3.   Although Plaintiff has attached a copy of the purported second amended notice of claim, Defendants do not concede as to the authenticity and correctness of this document.   As such, it appears that there is a genuine issue of

material fact as to the existence and authenticity of the second amended notice of claim.   In addition, the Court notes that the attached second amended notice of claim itself does not conclusively establish either delivery or receipt of the document.

However, even if the Court were to rely on the second amended notice of claim at this time, it would still deny relief.   Considering the testimony of the Armor corporate representative, the Court finds that the testimony does not demonstrate, as a matter of law, that all conditions precedent had been met.   The Court notes that although the corporate representative testified that the document "looks familiar," she later clarified that the document "looks like something we would have received" but she could not confirm that Defendants actually received that document.   The motion for summary judgment is denied as to the fifth affirmative defense.

### Eighth Affirmative Defense (Pre-Existing or Congenital Defect)

In her motion, Plaintiff argues that the eighth affirmative defense is unsupported and conclusory.   She contends that the defense experts do not offer any opinions as to pre-existing or congenital defects, and any such argument or interpretation of the expert reports is contrary to the experts' depositions.   However, Defendants have identified expert testimony – specifically, Dr. Irwin's opinion – that Hanna, Jr.'s injuries were caused by a pre-existing or congenital defect.   Because there is a genuine issue of material fact, the motion is denied as to the eighth affirmative defense.

### Ninth Affirmative Defense (Natural and Inexorable Process of Human Disease)

Plaintiff seeks summary judgment on the ninth affirmative defense, arguing

that it requires admissible medical expert opinions, and Defendants have provided no such opinions.   However, Defendants have identified expert testimony – specifically, Dr. Irwin's opinion – that Hanna, Jr.'s injuries were caused by the natural and inexorable process of human disease.   The motion is denied as to the ninth affirmative defense.

It is therefore

**ORDERED, ADJUDGED,** and **DECREED:**

(1)     "Plaintiff's Motion for Partial Final Summary Judgment as to Some of the Armor Defendants' Affirmative Defenses" (Doc. 277) is **GRANTED IN PART** and **DENIED IN PART.**

(2)     The motion is **GRANTED** to the extent that with the exception of Manatee County, Defendants will not be permitted to address the possible fault of any other non-parties to this action as part of its fourth affirmative defense, in accordance with *Fabre v. Martin*, 63 So. 2d 1182 (Fla. 1993).

(3)     The motion is otherwise **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>13th</u> day of November, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**