IN THE UNITED STATES DISTRICT COURT IN
AND FOR THE MIDDLE DISTRICT OF FLORIDA

Case No.: 19-cv-59-JSM-SPF

PATRICIA HANNAH,

A plenary legal guardian of Darryl Vaughn Hannah, Jr., as individual,

Plaintiff,

vs.

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
Et. Al.,

Defendants.

**DEFENDANT, ARMOR CORRECTIONAL HEALTH SERVICES, INC'S, POLANCO'S, MONTAYRE'S, AND OGLINE'S MOTION TO RE-DOCKET *DAUBERT* MOTIONS AS TO BARLOTTA [DE 260], LICHTBLAU [DE 261] AND SUITE [DE 262] AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendants, Armor Correctional Health Services, Inc., Polanco, Montayre, and Ogline [collectively referred to as "Armor"], by and through undersigned counsel, respectfully move this Honorable Court to reconsider and re-docket its Endorsed Order dated January 13, 2021 [DE 440] as to the denial of the *Daubert* motions filed by Co-defendant Rick Wells and Deputy Ronald Laughlin because they were moot as a result of the co-defendant's settlement. Armor specifically seeks to reinstate the motions as to Dr. Kevin Barlotta [DE 260], Dr. Craig Licthblau [DE 261] and Dr. Nicolas Suite [DE 262], to the extent that the testimony provided by each of these experts is applicable to the defense of the Armor Defendants, and as grounds in support, state as follows:

1

1. The underlying lawsuit involves medical malpractice and civil rights claims against Armor and its employees regarding their medical care of Darryl Vaughn Hannah, Jr. ["Hanna"]. At all times relevant to this motion, Hannah was incarcerated at Manatee County Jail under an indictment for a double murder.[1] Hanna suffered 2 fainting episodes, the first on August 23, 2018 and the second on September 8, 2018, before suffering a DVT and pulmonary embolism on September 9, 2018. As a result of the last episode, Hannah suffered catastrophic brain injuries. These injuries have caused Hannah to be in a vegetative state. [*See, generally,* DE 40].

2. As part of its original *Daubert* motion, Armor noted that its co-defendants had challenged plaintiff experts Dr. Kevin Barlotta, Dr. Craig Licthblau and Dr. Nicolas Suite with their own *Daubert* motions. Within the conclusion of Armor's Daubert motion, Armor provided notice that these Defendants "adopt Rick Well's arguments for exclusion of Plaintiff's experts." Specifically, these adoptions were relative to the *Daubert* motions presented by Sheriff Wells as to Dr. Kevin Barlotta [DE 260], Dr. Craig Licthblau [DE 261] and Dr. Nicolas Suite [DE 262]. Armor sought to adopt those *Daubert* arguments against the Armor defendants as well as overall challenges to the expert's *Daubert* qualifications and opinions.

3. Plaintiff will not be prejudiced if the Court re-dockets, reconsiders and reinstates these pending motions in that they are fully briefed. There is no unfair ambush or surprise in permitting these motions to stand as to plaintiff's experts. On the other hand, permitting the *Daubert* motions to be denied as moot unfairly prejudices the Armor Defendants in that these *Daubert* challenges shall now go unanswered to trial. Plaintiff filed a similar motion to re-docket Plaintiff's *Daubert* challenge to Expert, Michael Shahnasarian's testimony. DE 441. In all fairness, Defendants did not object to the re-docketing sought by the Plaintiff and relied on prior

---

[1] *See State of Florida v. Darryl Hannah*, 2017-CF-002459.

responses to the *Daubert* challenges of any party. Undersigned has contacted Plaintiff attorney and he still objects to re-docketing of these *Daubert* challenges as to Barlotta, Lichtblau, and Suite, and he will not agree to this motion despite Defendants' agreement to re-docket the Plaintiff's *Daubert* challenge. There is no prejudice to the Plaintiff from the simple re-docketing of Defendants' challenges.

**Relevant Arguments from Dr. Kevin Barlotta's *Daubert* motion [DE 260]**

4. Wells provided arguments to limit Dr. Barlotta's relevant testimony as the two following issues: His improper statements regarding what the jury would deduce as a "layperson" and the interactions between the Deputies and the Armor staff, and the opinions he deduced from these interactions.

5. Dr. Barlotta provided inappropriate opinions as to his role as an expert and the need for medical treatment. As provided in the underlying *Daubert* motion, "Dr. Barlotta made comments which suggest that he intends to comment on what would be obvious to a layperson, in terms of a serious medical need. However, it would be improper for an expert to render an opinion in regard to what would or should be obvious to a layperson, when the jury itself is comprised of lay persons." *Barlotta motion, P 4, DE 260.* Armor contends Dr. Barlotta's opinions in this respect should, at a minimum, be suppressed. As to the opinions regarding the interaction between the Deputy and the Armor staff, the motion provided as follows:

> Thereafter, Deputy McGuire told Sgt. Laughlin that Nurse Polanco wanted to see the video as well to make sure that the inmate did not hit his head because the inmate stated his head hurt. Nurse Polanco then watched the same portions of the video recording as Sgt. Laughlin, including the portion where inmate Hanna was on the ground for 41 seconds, in Sgt. Laughlin's office with him (Laughlin). After she watched the video, Nurse Polanco said "Oh, okay, so he fell down and he got up on his own. Okay". She thanked Sgt. Laughlin and left.

3

**Relevant Arguments from Dr. Craig Licthblau *Daubert* motion [DE 261]**

6. Briefly, Armor contends Well's entire *Daubert* motion as to Dr. Craig Lichtblau is applicable to the Armor Defendants. As this expert provided opinions as to Mr. Hannah's outlook and the associated Life Care Plan, the Armor Defendants basically adopted all the arguments that Wells raised to contest the validity of his methodology, opinions and conclusions.

7. As provided in the underlying *Daubert* motion, the Armor Defendants contend Dr. Lichtblau's opinion must be limited to his area of expertise as a physiatrist.[2] Dr. Lichtblau readily admits that he is not a treating physician nor did he "speak to any of the treating physicians" in this case.[3] Nevertheless, Dr. Lichtblau's challenged opinions include:

    a. Plaintiff's life expectancy based on this witness' speculation;

    b. Damages assessment for future medical expenses without any economic expertise;

    c. Opinions that nursing homes provide substandard care and basically are where people are sent to die:

    d. Derogatory commentary about life care planners, specifically Mr. Shahnasarian, the defense expert retained to perform that service.

**Relevant Arguments from Dr. Nicolas Suite *Daubert* motion [DE 262]**

8. Briefly, Armor contends that Wells's entire *Daubert* motion as to Dr. Nicholas Suite is applicable to the Armor defendants. Dr. Suite provided opinions as to Mr. Hannah's possible "elements of wakefulness and interactiveness that **may** be trying to emerge at this point." (Composite Exhibit "1" – Expert Neurology Evaluation report at pages 4-5). In other words, there existed the possibility that Mr. Hannah was experiencing bouts of consciousness within his

---

[2] *Deposition of Dr. Lichtblau*, Pgs. 36:9-15; 72:21-24; 92:9-16; and 110:3-7.
[3] *Deposition of Dr. Lichtblau*, Pg. 106:3-5.

persistent vegetative state. *Suite Daubert motion, Pg 7*. [DE 262]. At deposition Dr. Suite was specifically challenged as to his ability to reach this medical conclusion without proper testing. Specifically, he admitted that a Coma Recovery Scale Revised (CRS-R) study had not been performed despite the fact that such testing could form the basis of this opinion. *Suite Daubert motion, Pg 7*. [DE 262]. All of Dr. Suite's opinions translate to the damages sought against Armor. Armor contends the pending *Daubert* motion should be maintained.

## **MEMORANDUM OF LAW**

**Standard for Reconsideration or Re-docketing**

"A motion for reconsideration must show why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Courts generally recognize three grounds for reconsidering an order: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id*. The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. Of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "A court has considerable discretion in deciding whether to grant a motion for reconsideration." *See Drago v. Jenne*, 453 F.3d 1301, 1306 (11th Cir. 2006).

This Court denied the requested motions simply because the movants settled their claims with the plaintiff. There was no consideration of the merits of the motions themselves. Maintaining these denials would impose manifest injustice on its ability to contest the testimony provided by each of these witnesses as detailed in the body of this motion. Each contested area of testimony does not meet the *Daubert* thresholds required for permissibility.

**Standard of Proof for Expert Testimony**

Briefly, the *Daubert* standard for admissibility of expert witness opinion provides the analytical framework for determining whether expert testimony is admissible under F.R.E. 702. Under *Daubert*, Rule 702 charges trial courts to act as "gate-keepers," making a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93, 113 S.Ct. at 2797. This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 1175, 143 L.Ed.2d 238 (1999)(stating that when an expert's "testimony's factual basis, data, principles, methods, or their application are called sufficiently into question ..., the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline.' " (quoting *Daubert*, 509 U.S. at 592, 113 S.Ct. 2786)).

To determine the admissibility of expert testimony under this rule, the trial court must engage in this three-part analysis. *Allison v. McGann Med Corp*., 184 F.3d 1300, 1309 (11th Cir. 1999) (citation omitted). The proponent of expert testimony bears the burden of showing that "each of his proffered experts is qualified to render [their] expert opinions, that the opinion[s are] reliable, and that the opinion[s] would assist the trier of fact in resolving a disputed issue of material fact." *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004).

## **CONCLUSION**

Armor seeks to re-docket Defendants' *Daubert* motions that appropriately challenge the plaintiff's expert opinions. Armor contends that for this Court to perform its proper function in filtering and permitting only reliable testimony, these *Daubert* motions need to be re-docketed. Once reinstated, the Court would have the authority to review and authorize only those factual and legal issues permitted by the *Daubert* elements. Failure to reinstate these Daubert motions will

result in manifest injustice to the Armor defendants in that these experts shall proceed to trial unchallenged when they have opinions that fail to meet the *Daubert* standard.

**WHEREFORE** the Defendants, Armor Correctional Health Services, Inc., Leila Polanco, Carmana Ogline, and Bernard Montayre respectfully move this Court to re-docket the denial of the *Daubert* motions filed by Co-defendant Rick Wells and Deputy Ronald Laughlin as to Dr. Kevin Barlotta [DE 260], Dr. Craig Licthblau [DE 261] and Dr. Nicolas Suite [DE 262] as provided in the Endorsed Order dated January 13, 2021 [DE 440]. Armor specifically seeks to reinstate the motions to the extent that the testimony provided by each of these experts is applicable to the defense of the Armor defendants. Additionally, Armor seeks to have the Court consider these *Daubert* motions as they apply to the remaining defendants.

/s/ *Eric Gressman*
Eric Gressman, Esq.
Florida Bar Number: 343773
KELLEY KRONENBERG
*Attorney for Armor Defendants*
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 503-0850
Facsimile: (305) 675-0320
Primary Email: egressman@kklaw.com
Email: ttorres@kelleykronenberg.com

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for the defendant, Armor and its nurses conferred with plaintiff counsel via a telephone conference on January 14, 2021, and after discussing the issues raised, the parties were unable to reach an agreement, and thus the plaintiff opposes the relief sought herein and intends to respond to the motion accordingly.

/s/ *Eric Gressman*
Eric Gressman, Esq.
Florida Bar Number: 343773

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 22, 2021, the foregoing document was served on all counsel of record identified in the Service List in via electronic notification through the CM/ECF system or some other authorized form, including USPS Certified Mail.

By: /s/ *Eric Gressman*
Eric Gressman, Esq.
Florida Bar Number: 343773

## SERVICE LIST

**Christopher J. Stearns, Esq.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Boulevard
Suite 1000
Fort Lauderdale, Florida 33304
stearns@jambg.com
blouin@jambg.com
*Attorneys for Manatee County, Florida*
*By CM/ECF*

**Jordan Redavid, Esq.**
RISHCER REDAVID PLLC
4601 Sheridan Street
Suite 320
Hollywood, Florida 33021
Telephone: (954) 860-8434
Facsimile: (954) 860-8584
service@frtriallawyers.com
*Primary Counsel for Plaintiff*
*By CM/ECF*

**Adriana M. Jisa, Esq.,**
**Bruce W. Jolly, Esq.,**
PURDY, JOLLY, GIUFFREDA,
BARRANCO & JISA, P.A.
2455 East Sunrise Blvd., Suite 1216
Fort Lauderdale, Florida 33304
adriana@purdylaw.com
bruce@purdylaw.com
*Attorneys for Defendants Laughlin and Wells*
*By CM/ECF*

**Nicholas Rowley, Esq.**
**Theresa Bowen Hatch, Esq.**
**Keith Bruno, Esq.**
TRIAL LAWYERS FOR JUSTICE
421 West Water Street, 3rd Floor
Decorah, Iowa 52101
Telephone: (563) 382-5071
Facsimile: (888) 801-3616
*Secondary Counsel for Plaintiff*
*By CM/ECF*